UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARK BICKFORD,         *
   Plaintiff         *
                            *
v.                      *   COMPLAINT
                           *
NEW ENGLAND GUTTER KINGS, CARLOS    *
DeSOSA and DEREK BRIERE,    *
   Defendants    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

04 CV 10185 RGS

MAGISTRATE JUDGE Collings

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1____
WAIVER FORM ____
MCF ISSUED____
BY DPTY. CLK____
DATE 1-27-04

1. Plaintiff Mark Bickford ("Bickford") asserts his federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue in the District of Massachusetts is proper under 28 U.S.C. § 1391(b). The employment practices hereafter alleged to be unlawful were committed in the Commonwealth of Massachusetts. Defendant New England Gutter King has its place of business in Chelmsford, Massachusetts.

4. Plaintiff Mark Bickford is an individual presently residing in Billerica, Massachusetts.

5. Defendant New England Gutter Kings ("Gutter Kings") is a corporation engaged in the installation of gutters. It is based in Chelmsford, Massachusetts.

6. Defendant Carlos DeSosa is an individual residing in Tyngsborough, Massachusetts. DeSosa is one of the owners of Gutter Kings.

7. Defendant Derek Briere is an individual residing in Lowell, Massachusetts. Briere is the other

1

owner of Gutter Kings.

8. Bickford was employed by Gutter Kings from March 15, 2003, to August 4, 2003, as a laborer installing gutters. Bickford's rate of pay at Gutter Kings was $16.00 per hour. As such, Bickford's position was a non-exempt position under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) and the Massachusetts Minimum Wage Statute (M.G.L.c. 151).

9. When Bickford was hired by Gutter Kings, he was informed by Gutter Kings that he would be paid overtime (i.e., time and one-half) for all hours that he worked in excess of 40 per week. Bickford was also informed that he would be paid for his travel time between job sites.

10. While employed by Gutter Kings, Bickford regularly worked in excess of 40 hours per week and traveled between work sites.

11. Bickford averaged between 8 and 11 hours of overtime during the weeks that he was employed by Gutter Kings.

12. Despite the foregoing, Gutter Kings, DeSosa and Briere willfully refused to pay Bickford for his overtime or travel time between work sites, in violation of 29 U.S.C. § 207 and M.G.L.c. 151, § 1B.

13. On August 4, 2003, Bickford told Briere that he was going to the Massachusetts Attorney General's office to file a wage complaint because he did not feel that he was paid the correct amount of overtime.

14. Shortly thereafter that same day the defendants terminated Bickford's employment with Gutter Kings.

15. Defendants terminated Bickford's employment with Gutter Kings because he complained about not being paid overtime and indicating that he was going to the Massachusetts Attorney

General's office to file a complaint.

16. On or about September 3, 2003, Bickford filed a Non-Payment of Wage Complaint Form against Gutter Kings, DeSosa and Briere with the Office of the Massachusetts Attorney General.

## COUNT I

### (Fair Labor Standards Act, 29 U.S.C. § 207)

17. The defendants' failure to pay Bickford his overtime and for his travel time between work sites constitutes breach of the Fair Labor Standards (29 U.S.C. § 207).

18. Bickford has suffered damages as a result of said conduct and is entitled to damages and attorney's fees from the defendants.

## COUNT II

### (Fair Labor Standards Act, 29 U.S.C. § 215)

19. By the foregoing actions the defendants retaliated against Bickford for his complaining about Gutter Kings failing to pay him overtime. Such retaliation violates 29 U.S.C. § 215.

20. Bickford has suffered damages as a result of said conduct and is entitled to reinstatement, damages and attorney's fees from the defendants.

## COUNT III

### (Massachusetts Minimum Wage Statute, M.G.L.c. 151, § 1B)

21. The defendants' failure to pay Bickford his overtime and for his travel time between work

sites constitutes breach of M.G.L.c. 151, § 1B.

22. Bickford has suffered damages as a result of said conduct and is entitled to treble damages and attorney's fees from the defendants.

## COUNT IV

### (Massachusetts Wage Act, M.G.L.c. 149, §§ 148 & 150)

23. The defendants' failure to pay Bickford his overtime and for his travel time between work sites constitutes a breach of M.G.L.c. 149, §§ 148 & 150.

24. Bickford has suffered damages as a result of said conduct and is entitled to treble damages and attorney's fees from the defendants.

## COUNT V

### (Termination in Violation of Public Policy)

25. By the foregoing actions the defendants retaliated against Bickford for his statement that he was going to the Massachusetts Attorney General's office to file a wage complaint.

26. By so terminating Bickford's employment, defendants terminated Bickford's employment for asserting a legally guaranteed right, i.e., filing a wage complaint with the Office of the Massachusetts Attorney General.

27. Bickford has suffered damages as a result of said conduct and is entitled to damages from the defendants.

4

D.    Compensatory damages,

**WHEREFORE** plaintiff demands:

- A.  Judgment against the defendants;
- B.  Reinstatement;
- C.  All lost moneys and benefits, including overtime and future pay;
- D.  Compensatory damages;
- E.  Liquidated damages
- F.  Treble damages;
- G.  Punitive damages;
- H.  Attorney's fees;
- I.  Interest and costs; and
- J.  Any other remedy this Court deems meet and just.

**PLAINTIFF REQUESTS A JURY TRIAL**

        Mark Bickford
        By his attorney

        Scott A. Lathrop, Esq.
        Scott A. Lathrop & Associates
        122 Old Ayer Road
        Groton, MA 01450
        (978) 448-8234
        BBO No. 287820

Dated:  January 26, 2004